Andre ST. PIERRE, Plaintiff–Appellant,

Que–Van Transport, Inc., Plaintiff,

v.

COBURN INSURING AGENCY, Agents
Service Corporation, Luke R. Dyer,
Defendants–Appellees,

v.

KENWORTH METROPOLITAN, INC.,
and Connecticut Indemnity Company,
Third–Party–Defendants–Appellees.

No. 1578, Docket 93–9295.

United States Court of Appeals,
Second Circuit.

Argued June 23, 1994.

Decided June 30, 1994.

Andre St. Pierre, pro se.

Colleen M. O'Connell, Albany, NY (Ains-
worth, Sullivan, Tracy, Knauf, Wainer and
Ruslander, of counsel), for defendant-appel-
lee Coburn Insuring Agency.

Paul Briggs, Schnectady, NY (Pemberton
and Briggs, of counsel), for defendant-appel-
lee Agents Service Corp.

Donald P. Ford, Jr., Albany, NY (Thuillez,
Ford, Gold & Conolly, of counsel), for defen-
dant-appellee Luke P. Dyer.

Before MAHONEY and JACOBS, Circuit
Judges, and TRAGER, District Judge *.

PER CURIAM:

■ This diversity case stems from the
theft of a tractor and trailer from a garage in
Quebec on February 19, 1988. Plaintiff-ap-
pellant Andre St. Pierre had leased the trac-
tor and trailer (with an option to buy) from
third-party defendant-appellee Kenworth
Metropolitan, Inc. ("Kenworth"). As a result
of various mishaps that need not be recited
here, the insurance on the tractor and trailer
had been allowed to lapse. Although Ken-
worth had never demanded that St. Pierre
pay for the truck, St. Pierre sued the various
defendants-appellees, all of whom played a
role in procuring and servicing the lapsed
insurance, seeking to recover for losses re-
sulting from the failure of coverage. In a
thorough opinion, the district court granted
summary judgment in favor of the defen-
dants-appellees on the basis that St. Pierre
lacked standing because the proceeds of the
lapsed policy were payable not to St. Pierre,
but rather to Kenworth and another corpora-
tion, Camda, Inc. *See St. Pierre v. Coburn
Insuring Agency,* No. 88–CV–9761, 1993 WL
85757 (N.D.N.Y.March 22, 1993). In an or-
der entered July 16, 1993, the district court
denied reconsideration of its prior order
granting summary judgment.

---

* The Honorable David G. Trager, United States
District Judge for the Eastern District of New

York, sitting by designation.

■ We affirm substantially for the reasons stated in the opinion of the district court granting summary judgment to defendants-appellees. We note, however, that St. Pierre was apparently under a contractual obligation to Kenworth to maintain insurance on the tractor and trailer. Should any claim be made against St. Pierre by Kenworth or any other party based upon the failure to maintain insurance, he could then assert claims over against defendants-appellees that would accrue only when the claim was asserted against him, and therefore would not be time-barred. We make this precautionary assertion to ensure that our affirmance of the dismissal of St. Pierre's claim to the insurance proceeds does not disadvantage him in ways not intended by this court.