28 F.3d 275
 Andre ST. PIERRE, Plaintiff-Appellant,
Que-Van Transport, Inc., Plaintiff,
v.
COBURN INSURING AGENCY, Agents Service Corporation, Luke R.
Dyer, Defendants-Appellees,
v.
KENWORTH METROPOLITAN, INC., and Connecticut Indemnity
Company, Third-Party-Defendants-Appellees.
 No. 1578, Docket 93-9295.
 United States Court of Appeals,
Second Circuit.
 Argued June 23, 1994.
Decided June 30, 1994.
 
 Andre St. Pierre, pro se.
 Colleen M. O'Connell, Albany, NY (Ainsworth, Sullivan, Tracy, Knauf, Wainer and Ruslander, of counsel), for defendant-appellee Coburn Insuring Agency.
 Paul Briggs, Schnectady, NY (Pemberton and Briggs, of counsel), for defendant-appellee Agents Service Corp.
 Donald P. Ford, Jr., Albany, NY (Thuillez, Ford, Gold & Conolly, of counsel), for defendant-appellee Luke P. Dyer.
 Before MAHONEY and JACOBS, Circuit Judges, and TRAGER, District Judge*.
 PER CURIAM:
 
 
 1
 This diversity case stems from the theft of a tractor and trailer from a garage in Quebec on February 19, 1988. Plaintiff-appellant Andre St. Pierre had leased the tractor and trailer (with an option to buy) from third-party defendant-appellee Kenworth Metropolitan, Inc. ("Kenworth"). As a result of various mishaps that need not be recited here, the insurance on the tractor and trailer had been allowed to lapse. Although Kenworth had never demanded that St. Pierre pay for the truck, St. Pierre sued the various defendants-appellees, all of whom played a role in procuring and servicing the lapsed insurance, seeking to recover for losses resulting from the failure of coverage. In a thorough opinion, the district court granted summary judgment in favor of the defendants-appellees on the basis that St. Pierre lacked standing because the proceeds of the lapsed policy were payable not to St. Pierre, but rather to Kenworth and another corporation, Camda, Inc. See St. Pierre v. Coburn Insuring Agency, No. 88-CV-9761, 1993 WL 85757 (N.D.N.Y.March 22, 1993). In an order entered July 16, 1993, the district court denied reconsideration of its prior order granting summary judgment.
 
 
 2
 We affirm substantially for the reasons stated in the opinion of the district court granting summary judgment to defendants-appellees. We note, however, that St. Pierre was apparently under a contractual obligation to Kenworth to maintain insurance on the tractor and trailer. Should any claim be made against St. Pierre by Kenworth or any other party based upon the failure to maintain insurance, he could then assert claims over against defendants-appellees that would accrue only when the claim was asserted against him, and therefore would not be time-barred. We make this precautionary assertion to ensure that our affirmance of the dismissal of St. Pierre's claim to the insurance proceeds does not disadvantage him in ways not intended by this court.
 
 
 
 *
 The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation